LAW OFFICES LOPEZ & ASSOCIATES
ANTHONY R. LOPEZ, CASBN 149653
9025 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
Telephone: (310)276-4700

LOPEZ & PRAJIN
GEORGE L. PRAJIN CASBN 280055
500 Newport Center Dr., Suite 600
Newport Beach, CA 92660
Telephone Number: (949) 706-1141

ALEJANDRO MENCHACA CASBN 220471
9025 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
Telephone Number: (626) 554-4744

## UNITED STATES DISTRICT COURT

### EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., A CALIFORNIA CORPORATION,<br><br>Plaintiff,<br>v.<br><br>MORENA MUSIC, INC., a California corporation; EDUARDO LEON, d/b/a LONG PLAY MUSIC; and Does 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.: 1:20-CV-00787-AWI-BAM**<br><br>**COUNTERCLAIM** |
| MORENA MUSIC, INC., A CALIFORNIA CORPORATION,<br><br>Counterclaimant<br>v.<br>YELLOWCAKE, INC., A CALIFORNIA CORPORATION; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ<br><br>Counter-defendants. | **DEMAND FOR JURY TRIAL** |

Counterclaimant Morena Music, Inc. ("Morena" or "Counterclaimant"), by and through their undersigned attorneys, allege as follows:

## NATURE OF THE ACTION

1. Counterclaimant brings this action seeking to put an immediate stop to, and to obtain redress for, Counter-defendants' ongoing and willful infringement of Counterclaimants' copyrighted recordings and album cover art.

2. Counter-defendants' actions complained of herein include, *inter alia*, copyright infringement in connection with the unlicensed digital distribution by Defendants of certain sound recordings, audiovisual recordings and album cover act owned by Counterclaimant and that Counter-defendants have used Counterclaimant's works in furtherance of their business, without license, permission or authorization, all in violation of Counterclaimant's exclusive rights under the Copyright Act, which actions constitute copyright infringement. Additionally, Counter-defendants have committed unlawful and unfair business acts related to (i) filing knowingly false DMCA complaints against Counterclaimants' and Counterclaimant's licensees' digital sale and distribution of musical recordings, and (ii) the exhibition of videos on YouTube, including filing knowingly false DMCA complaints against videos posted by Counterclaimant, unlawfully taking possession of several YouTube channels created and populated by Counterclaimant, falsely claiming the recordings and videos as their own, and improperly collecting revenues derived from Counterclaimant's video content, all of the foregoing causing significant injury to Counterclaimant.

## JURISDICTION

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

4. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Counterclaimant's state law claims under 28 U.S.C § 1367.

5. This Court has personal jurisdiction over Counter-defendants because, among other things, Counter-defendants Yellowcake and Colonize maintain offices and do business in this District. Counter-defendant Hernandez does business and resides in the Eastern District.

Furthermore, a substantial part of the acts of infringement complained of herein have occurred in the State of California and in this District, and/or Counter-defendants have caused injury to Counterclaimant in the State of California and in this District.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a) in that in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a).  Additionally, this Counterclaim is compulsory based on the filing of the action entitled Yellowcake, Inc. v. Morena Music Inc., Case No. 1:20-CV-00787-AWI-BAM

### THE PARTIES

7.      Counterclaimant Morena Music, Inc. is a California Corporation with its headquarters in the County of Los Angeles that conducting business in the Central District of California.

8.      Counter-defendant Yellowcake, Inc. (hereinafter "Yellowcake") is a California corporation with its headquarters in the County of Stanislaus that conducts business in the Eastern District of California.

9.      Counter-defendant Colonize Media, Inc. (hereinafter "Colonize") is a California corporation with its headquarters in the County of Stanislaus that conducts business in the Eastern District of California.

10.     Counter-defendant Jose David Hernandez (hereinafter "Hernandez") is an individual and principal of Yellowcake and Colonize and resides in the County of Fresno and conducts business in the Eastern District of California.

11.     Counterclaimant alleges that at all times relevant to the facts and circumstances of this Counterclaim, each of the Counter-defendants was the subsidiary, parent, agent, principal, manager, officer, director, instrument, alter ego, franchisee, franchisor, employee, employer, master, servant, partner, co-conspirator, and/or successor or predecessor in interest of the other Counter-defendants, and in committing the acts and omissions hereinafter alleged, was acting within the scope of such agency, management, instrumentality, office, directorship, employment, franchise, servitude, partnership, conspiracy, or interest, and with the consent of his, her, or its Counter-defendants.

## GENERAL ALLEGATIONS

12.     Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 11 as if fully set forth herein.

13.     Counterclaimant Morena Music is a record label which is in the business of producing, manufacturing, distributing, exploiting, selling, and licensing sound and audiovisual recordings and artwork in the United States.

14.     Jesus Chavez Sr. (hereinafter "Chavez") is the founder and principal of a musical group by the name of Los Originales De San Juan. Los Originales De San Juan is a popular musical group in the genre of Spanish-language Regional Mexican music.

15.     On or about September 16, 2013, Counterclaimant  Morena Music entered into an oral  recording agreements with Jesus Chavez (hereinafter, "Agreement") whereby Counterclaimant commissioned Chavez,  to provide services as a recording artist in the making of sound and audio-visual  recordings embodied in albums listed on **Exhibit 1** (hereinafter, "Los Originales Albums"). Pursuant to the Agreement, Counterclaimant agreed to: 1) select the musical compositions to be recorded on the Los Originales Albums; 2) commission and/or provide the sound engineers and audio visual directors; 2) produce the musical performances to be embodied on the Los Originales Albums; 3) direct the recording and filming of musical and the audiovisual performances to be embodied on the Los Originales Albums; and 4) pay Chavez a fixed amount per Los Originales Album. In turn, Chavez agreed to follow Morena Music's artistic direction, perform and record the sound and audiovisual recordings embodying the musical compositions chosen and produced by Morena Music, as well as to grant Counterclaimant the non-exclusive right to utilize Chavez's name and likeness as well as his musical group's name in connection with the exploitation of the Los Originales Albums in perpetuity.  In consideration for the services provided and payment thereto, Chavez agreed that Counterclaimant would be the owner of all title, right, and interest in and to the tangible masters of Los Originales Albums and all intellectual property rights in the musical performances embodied in the tangible masters of Los Originales Albums (including without limitation the copyrights and any extensions and renewals thereto) from the inception of the creation of each

Los Originales Album.

16.     In reliance on the above Agreement, in addition to commissioning  Chavez to perform the musical performances embodied on the Masters and paying Chavez for all right title and interest in the Los Originales Albums, Counterclaimant contributed sufficient original authorship in the creation of the Los Originales Albums by selecting the musical compositions, commissioning and directing engineers and directors and/or providing the services itself, directing the recording  of the musical performances to be embodied on the Los Originales Albums and producing the Los Originales Albums. In doing so, Counterclaimant contributed sufficient originality to these works so as to make Counterclaimant, at minimum, the co-author, co-owner, and joint owner of the Copyrights in works under the Copyright Act.

17.     Counterclaimant also produced, created, and designed the album cover art associated with the Los Originales Albums. This included, without limitation, Counterclaimant locating and scouting locations, taking the photography and/or commissioning photographers, for the album cover photos were taken, hiring the photographer(s), designing sets/ props, assisting in wardrobe, and providing graphic design work (hereinafter, "Los Originales Cover Art").

18.     Counterclaimant has also registered the copyrights in the Los Originales Albums listed on **Exhibit 2** ("Originales Copyrights"), including the cover art. The copyright registration numbers associated with each of the Los Originales Albums are set forth in **Exhibit 2.** Counterclaimant also registered the copyrights in the Los Originales Cover Art. True and accurate copies of the Los Originales Cover Art and their corresponding copyright registration numbers are set forth in **Exhibit 3**.

19.     Accordingly, Counterclaimant is the exclusive copyright owner of the Los Originales Albums and Los Originales Cover Art.

20.     On or about April 2019, Counter-defendant Hernandez had a meeting with Chavez in the County of Fresno wherein he expressed his interest in exploiting the Los Originales Albums. Counterclaimant was advised Counter-defendant Hernandez that he had entered into a contract with Counterclaimant and that Counterclaimant was the owner of the Los Originales Albums.

21.     Counter-defendant Hernandez intentionally and willfully misled Chavez when he wrongfully and mistakenly told him that Counterclaimant had no rights to the Los Originales Albums, was free to sell the subject works to Hernandez's companies, Yellowcake and Colonize, and offered Chavez a significant sum of money to purportedly purchase the rights in the Los Originales Albums. Counter-defendant further induced Chavez to ignore his contractual obligations to Counterclaimant by promising to indemnify Chavez in the event Counterclaimant sought legal redress from Chavez. Counter-defendant Hernandez engaged in this conduct, both individually and in his capacity as a principal of Counter-defendants Yellowcake and Colonize, in in an effort to disrupt the contractual relations between Counterclaimant and Chavez.

22.     As a result, thereof, Chavez purportedly entered into an agreement with Counter-defendant Yellowcake whereby in exchange for these monies and promises, he wrongfully transferred his ownership and rights in the Los Originales Albums and Cover Art to Counter-defendant Yellowcake. At the time he entered into said agreement with Counter-defendant Yellowcake, Chavez had no such rights to grant.

23.     On or about December 21, 2019m Counterclaimant discovered that Counter-defendant Yellowcake and Colonize had created or caused to be created copies of  works of the Los Originales Albums and Cover Art, and was distributing, selling, and commercially exploiting these derivative works via such online platforms as ITunes, Apple Music, Spotify, Amazon Music and YouTube, without Counterclaimant's authorization. Furthermore, Counter-defendants Yellowcake and Colonize uploaded derivative works of the Los Originales Albums and Cover Art on YouTube.

24.     On or about December 21, 2019, Counterclaimant first learned that Counter-defendant Yellowcake was unlawfully claiming ownership in the masters and sound recordings embodied in the Los Originales Albums when it sent correspondence to Counterclaimant. These infringing works have previously been included in to Plaintiff Yellowcake's Complaint, Exhibit "A".  As set forth above, Counterclaimant had previously purchased ownership in the masters, sound recordings, and cover art associated with the Los Originales Albums.

25.     Counter-defendants Yellowcake and Colonize are commercially exploiting the Los Originales Cover Art which Counterclaimant created, designed, and owns the copyrights in. The only modification to the cover art being distributed, displayed, and exploited over streaming platforms by Counter-defendants Yellowcake and Colonize that they have removed the logos belonging to Morena Music and instead substituted their respective logos. Aside from this substitution of these logos, Counter-defendants' Album Cover Art is identical to Counterclaimant's.

26.     Counter-defendants Yellowcake and Colonize have no direct license from Counterclaimant for the use of the Los Originales Albums and Cover Art. Accordingly, Counter-defendants do not currently possess any license or authority, nor do they pay any royalties for their ongoing reproduction, and/or display of the Los Originales Album and Cover Art.

27.     Counter-defendant Colonize and Yellowcake sent fraudulent DMCA takedown notices to YouTube falsely claiming that Counterclaimant had no right to post or upload the Los Originales Albums and Cover Art. Prior to that time, Counterclaimant had received significant revenue from YouTube and its uploads provided an important and lucrative marketing channel for the Los Originales Albums and Cover Art.

28.     To date, Counter-defendants' uploads of the Los Originales Albums and Cover Art which are rightfully owned by Counterclaimant have generated substantial views on their respective YouTube channels. Counterclaimant is also informed and believes and thereon alleges that Counter-defendants have generated significant sums of monies from their unlawful distribution, licensing, and commercial exploitation of the Los Originales Albums and Cover Art.

29.     Counter-defendants' use of Counterclaimant's copyrighted materials is a blatant violation of Plaintiffs' rights under federal copyright law and California law.

///

///

////

////

**COUNTERCLAIM**
- 7-

## FIRST CLAIM FOR RELIEF

**Direct Infringement of Counterclaimant's Rights Under 17 U.S.C. § 101 et seq.**
**as to the Los Originales Albums**
**(Against Counter-defendants Yellowcake and Colonize)**

30.     Counterclaimants repeat and reallege every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31.     This claim for relief arises under 17 U.S.C. § 501.

32.     At all times relevant, Counterclaimant has owned the Los Originales Albums and Los Originales Cover Art and has been the owner of the exclusive rights provided under 17 U.S.C. § 106.

33.     Counterclaimants' copyrighted works in the Los Originales Albums are sound and audiovisual recordings and are original works of authorship constituting copyrightable subject matter within the meaning of 17 U.S.C. § 102.

34.     Without authorization or compensation, Counter-defendants Yellowcake and Colonize are willfully and unlawfully reproducing, displaying, and/or publicly performing the Los Originales Copyrights in violation of 17 U.S.C. §§ 106 and 501.

35.     These unauthorized reproductions, public performances and/or displays are distributed, uploaded, and exploited by Counter-defendants on such streaming services as Spotify, Apple ITunes, Apple Music Pandora, as well as YouTube. In the case of the Los Originales Cover Art, Counter-defendants reproduced such works and made them available without Counterclaimant's permission and/or license.

36.     Counter-defendants' infringement of Counterclaimants' rights in each of the Los Originales Copyrights constitutes a separate and distinct act of infringement.

37.     Counter-defendants' acts of infringement are knowing, willful and intentional and in disregard of and indifference to Counterclaimants' rights. As set forth above, Counter-defendants were aware of Counterclaimant's claim of ownership in the Los Originales Copyrights.

38.     As a direct and proximate result of Counter-defendants' infringement of Counterclaimants' copyrights and exclusive rights under copyright, Counterclaimants are entitled to maximum statutory damages pursuant to 17 U.S.C. Section 504(c) in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. Section 504(c). Alternatively, at Counterclaimants election, pursuant to 17 U.S.C. Section 504(b), Counterclaimant is entitled to its actual damages, including Counter-defendant's profits from the infringement, as will be proven at trial.

39.     Counter-defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaimant great and irreparable injury that cannot be fully compensated or measured in money damages. Counterclaimant has no adequate remedy at law. Accordingly, Counterclaimant is entitled to a permanent injunction prohibiting infringement of Counterclaimant's copyrights and exclusive rights under copyright pursuant to 17 U.S.C. § 502.

40.      Counterclaimant is entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. Section 505.

<u>**SECOND CLAIM FOR RELIEF**</u>

**Direct Infringement of Counterclaimant's Rights Under 17 U.S.C. § 101 et seq.**

**as to the Los Originales Cover Art**

**(Against Counter-defendants Yellowcake and Colonize)**

41.     Counterclaimants repeat and reallege every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42.     This claim for relief arises under 17 U.S.C. § 501.

43.     At all times relevant, Counterclaimant has owned the Los Originales Cover Art and has been the owner of the exclusive rights provided under 17 U.S.C. § 106.

44.     Counterclaimants' copyrighted works in the Los Originales Albums and Cover Art are sound and audiovisual recordings and are original works of authorship constituting copyrightable subject matter within the meaning of 17 U.S.C. § 102.

45.     Without authorization or compensation, Counter-defendants Yellowcake and Colonize are willfully and unlawfully reproducing, exploiting, and displaying the Los Originales

Cover Art in violation of 17 U.S.C. §§ 106 and 501.

46.     Based on information and belief, it was Counter-defendants Yellowcake and Colonize that determined what cover art should accompany a stream of a sound recording and selected the cover art to be displayed. The cover art which Counter-defendants Yellowcake and Colonize are displaying, exploiting, and reproducing is identical to the Los Originales Cover Art, with the minor exception that Counter-defendants have replaced Counterclaimant's logo with their own logo.

47.     Counter-defendants' infringement of Counterclaimants' rights in each of the Los Originales Cover Art constitutes a separate and distinct act of infringement.

48.     Counter-defendants' acts of infringement are knowing, willful and intentional and in disregard of and indifference to Counterclaimants' rights. As set forth above, Counter-defendants' were aware of Counterclaimant's claim of ownership in the Los Originales Cover Art.

49.     As a direct and proximate result of Counter-defendants' infringement of Counterclaimants' copyrights and exclusive rights under copyright, Counterclaimants are entitled to maximum statutory damages pursuant to 17 U.S.C. Section 504(c) in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. Section 504(c).

50.     Counter-defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaimant great and irreparable injury that cannot be fully compensated or measured in money damages. Counterclaimant has no adequate remedy at law. Accordingly, Counterclaimant is entitled to a permanent injunction prohibiting infringement of Counterclaimant's copyrights and exclusive rights under copyright pursuant to 17 U.S.C. § 502.

51.     Counterclaimant is entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. Section 505.

///

///

////

## THIRD CLAIM FOR RELIEF

### Temporary, Permanent, and Injunctive Relief

### (Against Counter-defendants Yellowcake and Colonize)

52.     Counterclaimant realleges and incorporates by references the allegations set forth in Paragraphs 1 through 51, inclusive, and incorporates them by reference as though fully set forth herein.

53.     The continuing wrongful acts of Counter-defendants have harmed and continues to harm the interest of Counterclaimant and as a result, Counterclaimant has sustained and will continue to sustain substantial injury and damage to its ownership rights in the Los Originales Albums and Los Originales Cover Art. Unless enjoined, Counterclaimant will suffer irreparable harm for which there is no adequate remedy at law. As such, Counterclaimant seeks injunctive relief prohibiting Counter-defendants from engaging in further infringement and ordering Counter-defendants to destroy any and all copies of infringing work pursuant to 17 U.S.C. §§ 502 and 503.

## FOURTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Business Advantage

### (Against Counter-defendants Yellowcake and Colonize)

54.     Counterclaimant repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 53, inclusive, and incorporates them by reference as though set forth fully herein.

55.     Counterclaimant was in an economic relationship with YouTube that, if not impeded by Counter-defendants, would have resulted in an economic benefit to Counterclaimant; specifically, by uploading and commercially exploiting the Los Originales Albums and Los Originales Cover Art which generated substantial views. Advertisements would be placed on Counterclaimant's videos embodying the Los Originales Masters and Cover Art. The revenue derived from these advertisements would be shared between YouTube and Counterclaimant.

56.     Counter-defendants knew of this economic relationship between Counterclaimants and YouTube and intended to disrupt it. Counter-defendants engaged in

wrongful conduct by, among other things, sending fraudulent DMCA takedown notices to YouTube. In doing so, Counter-defendants knew that that their actions were substantially likely to result in interference with Counterclaimant's economic relationship with YouTube.

57.   Counterclaimant's relationship with YouTube with regard to their video channels was disrupted when YouTube agreed to block Counterclaimant's posting of videos in their YouTube channels and to cease payments of advertising revenues to Plaintiff for advertisements placed on Counterclaimant's videos embodying the Los Originales Masters and Los Originales Cover Art. This deprived Counterclaimants of the revenue that would have earned through the placement of advertisements on Counterclaimant's videos. As such, Counterclaimants were damaged as a result of the disruption of this relationship in an amount to be proven at trial. Counter-defendant's wrongful conduct was a substantial factor in causing this harm to Counterclaimant.

58.   As such, Counterclaimants have been damages by Counter-defendants and each of them with Counterclaimant's economic relations in an amount to be determined.

## FIFTH CLAIM FOR RELIEF

### Intentional Interference with Contractual Relations

### (Against Counter-defendants Hernandez, Yellowcake, and Colonize)

59.   Counterclaimant repeats, re-alleges and incorporates by reference in this paragraph the allegations set forth in Paragraphs 1 through 58, inclusive, and incorporate them by reference as though set forth fully herein.

60.   Counter-defendant Hernandez is a principal of Counter-defendants Yellowcake and Colonize.

61.   On or about April 2019, Counter-defendant Hernandez had a meeting with Chavez in the County of Fresno wherein he expressed his interest in exploiting the Los Originales Albums. Counterclaimant is informed and believes that at that time, Chavez advised Counter-defendant Hernandez that Counterclaimant was the owner of the Los Originales Albums.

62.   Counter-defendant Hernandez intentionally and willfully misled Chavez when he

wrongfully and mistakenly told him that Counterclaimant had no rights to the Los Originales Albums, was free to sell the subject works to Hernandez's companies, Yellowcake and Colonize, and offered Chavez a significant sum of money to purportedly purchase the rights in the Los Originales Albums. Counter-defendant Hernandez further induced Chavez to ignore is contractual obligations to Counterclaimant by promising to indemnify Chavez in the event Counterclaimant sought legal redress from Chavez. Counter-defendant Hernandez engaged in this conduct, both individually and in his capacity as a principal of Counterdefendants Yellowcake and Colonize, in an effort to disrupt the contractual relations between Counterclaimant and Chavez.

63.     As a result, thereof, Chavez purportedly entered into an agreement with Counter-defendant Yellowcake whereby in exchange for these monies and promises, he wrongfully transferred his ownership and rights in the Los Originales Albums and Cover Art to Counter-defendant Yellowcake. At the time he entered into said agreement with Counter-defendant Yellowcake, Chavez had no such rights to grant.

64.     Counterclaimant has now been harmed by Counter-defendants' interference with its Agreement with Chavez. Counter-defendants' conduct was a substantial factor in causing the harm.

65.     Counterclaimant's damages will be determined in an amount according to proof at time of trial.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition Under California Business and Professions Code § 17200
### (Against all Counter-defendants Yellowcake, Colonize, and Hernandez)

66.     Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 65 as if fully set forth herein.

67.     Without authorization, Counter-defendants Yellowcake and Colonize are reproducing and performing, or benefitting financially from, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the reproduction and performance of Counterclaimant's statutory and common law rights in the Los Originales Albums and Cover Art and have engaged in common law misappropriation. Counter-defendant

Hernandez also induced Chavez to breach his agreement with Counterclaimant, in order to purportedly obtain rights which Chavez had no right to give.

68.     Counter-defendants' conduct as alleged herein constitutes an unfair method of competition and/or an unfair, unlawful, or deceptive practice within the meaning of Section 17200 of the California Business and Professions Code that has caused, and continues to cause, irreparable injury to Plaintiffs' business, goodwill and reputation.

69.     Counter-defendant's actions, if not enjoined, will continue. Counterclaimant has no adequate remedy at law and are entitled to permanent injunctive relief.

70.     As a result of Counter-defendants' unfair, unlawful, or deceptive practices as set forth herein, Counterclaimant has suffered damage and is entitled to restitution in such amounts as will be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### Conversion

### (Against Counter-defendant Yellowcake)

71.     Counterclaimant repeats and reallege every allegation contained in paragraphs 1 through 70 as if fully set forth herein.

72.     Counterclaimant owns the tangible master recordings embodying the musical performances contained in the Los Originales Albums (hereinafter, "Masters").

73.     Counter-defendant Yellowcake intentionally interfered with Counterclaimant's ownership and rights in the Masters by claiming ownership in such property, exercising dominion in such property, exploiting such property, and interfering with Counterclaimants' ability to commercially exploit such property. Counter-defendant's use and exploitation of the Masters was done without the consent of Counterclaimant.

74.     As a result, Counterclaimant has been harmed and Counter-defendant's conduct was a substantial factor in causing Counterclaimant's harm, the amount which will be proven at time of trial.

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Counterclaimant prays for judgment against Counter-defendants and each of them, jointly and severally, as follows:

1.      For a permanent injunction enjoining Counter-defendants, and each of them, and their respective agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert or participation with each or any of them.

A.      from directly or indirectly infringing in any manner any of Counterclaimant's copyrights, whether now in existence or hereafter created, including without limitation the copyrighted recordings listed in Exhibit 2; and

B.      from causing, contributing to, or participating in the infringement of any of Counterclaimant's respective copyrights, including by unauthorized distribution to the public by sale or other transfer of ownership, by manufacture, rental, lease or lending any of Counterclaimant's copyrighted works or by preparation of any unauthorized works, including derivative works, embodying any of Counterclaimant's copyrighted works, including without limitation the copyrighted recordings listed in Exhibit 2.

2.      For damages in such amount as may be found, and requiring Counter-defendants to account for and pay over to Counterclaimant all profits derived from all acts of copyright infringement; alternatively, for statutory damages in the amount of $150,000 with respect to each copyright work involved in the action, for all infringements with respect to the copyrighted work concerned, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

3.      For treble damages in amount of Counter-defendants' profits or Counterclaimant's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b).

4.      For the disgorgement and restitution of all gains, profits and advantages obtained by Counter-defendants as a result of their violation of California Business and Professions Code § 17200 in an amount to be determined at trial, pursuant to California Business and Professions Code § 17203.

5.      For the imposition of a constructive trust on all proceeds received

by Defendants for the conduct alleged herein.

6.      For actual and compensatory damages in an amount according to proof.

7.       For exemplary or punitive damages in an amount according to proof.

8.      For prejudgment interest according to law.

9.      For Counterclaimant's costs and disbursement in this action, together with reasonable attorneys' fees incurred herein.

10.      For such other and further relief as the Court may deem just and proper.

Dated: August 31, 2020                    LAW OFFICES LOPEZ & ASSOCIATES


By: *Anthony R. Lopez*
Anthony R. Lopez, Attorney for
Counterclaimant

**DEMAND FOR JURY TRIAL**

Counterclaimant hereby demands a trial by jury.

Dated:    August 31, 2020                    LAW OFFICES LOPEZ & ASSOCIATES


*Anthony R. Lopez*

Anthony R. Lopez, Esq.
Attorneys for the Defendant

**EXHIBIT "1"**

**Los Originales Albums**

**Los Originales de San Juan 50 Mentadas**

1. 50 Mentadas
2. El Costa Lleno de Piedras
3. Ni Con Todo El Dinero del Mundo
4. Volver a Vivir
5. El Ajijado de la Muerte
6. El Fierros
7. Don Miguel Magana
8. Maldito Compadre
9. Maldito Vicio
10. Por Alguien
11. El Tartanero
12. Corre y Dile
13. La Muerte de Manuelon
14. Falta Y Mentirosa
15. Fiesta En Mi Rancho
16. Regalo Equivocado

**Los Originales De San Juan 15 Corridos Inmortales**

1. Los Principios
2. Santos Cantu
3. El Regio Traficante
4. Se Les Pelo Baltzar
5. Juan Martha
6. El Rayo de Sinaloa
7. El Cabo de Michoacan

8.  El Corrido de Los Perez

9.  El Malvado

10. La Raza Contenta

11. Charlando Con La Muerte

12. Gallo de Raza Fina

13. El Preso de Nuevo Leon

14. Juan Perez

15. El Corrido de Joselo

**Los Originales de San Juan Celebrando 39**

**1.**  El Dia Que Me Dejaste

**2.**  Tragos Amargos

**3.**  Los Consejlos (Ft. Chuy Chavez Jr.)

**4.**  Tomando Licores

**5.**  Mujer Bonita

**6.**  Ensename a Olvidar

**7.**  Vaciando Botellas

**8.**  La Palomita

**9.**  Te Llevaste

**10.** Corazones Rotos

**11.** El Sinalonense

**12.** Celebrando

## EXHIBIT "2"
## LOS ORIGINALES COPYRIGHTS
### Sound Recording

| Title of Work | Registration Number |
|---|---|
| Los Originales de San Juan 50 Mentadas | SR875-190 |
| Los Originales de San Juan 16 Corridos Inmortales | SR 875-189 |
| Los Originales de San Juan Celebrado | SR 875-191 |

**EXHIBIT "3"**

**Visual Material**

**Cover Art**

| Title of Work | Registration Number |
| --- | --- |
| Los Originales de San Juan 50 Mentadas | VA0002213353 |
| Los Originales de San Juan 16 Corridos Inmortales | VA0002213354 |
| Los Originales de San Juan Celebrado | VA0002213352 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "3"**

**Visual Material**

**Cover Art**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "3"**

**Visual Material**

**Cover Art**



**EXHIBIT "C"**

**Visual Material**

**Cover Art**



**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1,2020, I electronically filed the foregoing with the document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties as follows:

THOMAS P. GRIFFIN, JR. Esq.
HEFNER, STARK & MAROIS, LLP
2150 RIVER PLAZA DRIVE, SUITE 450
SACRAMENTO, CA 95833

SETH L. BERMAN, sq.
ABRAMS, FENSTERMAN, FERNSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF &
CARONE, LLP

In the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*Anthony R. Lopez*
Anthony R. Lopez