LAW OFFICES LOPEZ & ASSOCIATES
ANTHONY R. LOPEZ, CASBN 149653
9025 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
Telephone: (310)276-4700

LOPEZ & PRAJIN
GEORGE L. PRAJIN CASBN 280055
500 Newport Center Dr., Suite 600
Newport Beach, CA 92660
Telephone Number: (949) 706-1141

ALEJANDRO MENCHACA CASBN 220471
9025 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
Telephone Number: (626) 554-4744

*Attorneys for Defendant/Counterclaimant*
MORENA MUSIC, INC., a California
corporation

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California Corporation, | CASE NO: 1:20-cv-00787-AWI-BAM |
| Plaintiff, | **AMENDED COUNTERCLAIM** |
| v. | |
| MORENA MUSIC, INC., a California corporation; EDUARDO LEON, d/b/a LONG PLAY MUSIC; and Does 1 through 50, inclusive, | |
| Defendants. | |
| MORENA MUSIC, INC., a California corporation, | |
| Counterclaimant | |
| v. | |
| YELLOWCAKE, INC., a California corporation; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ, an individual. | |
| | **DEMAND FOR JURY TRIAL** |
| Counter-defendants | |

AMENDED COUNTERCLAIM

Counterclaimant Morena Music, Inc. ("Morena" or "Counterclaimant"), by and through their undersigned attorneys, allege as follows:

## NATURE OF THE ACTION

1.    Counterclaimant brings this action seeking to put an immediate stop to, and to obtain redress for, Counter-defendants' ongoing and willful infringement of Counterclaimants' rights in copyrighted recordings and album cover art.

## JURISDICTION

2.    This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

3.    This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Counterclaimant's state law claims under 28 U.S.C § 1367.

4.    This Court has personal jurisdiction over Counter-defendants because, among other things, Counter-defendants Yellowcake and Colonize maintain offices and do business in this District. Counter-defendant Hernandez does business and resides in the Eastern District. Furthermore, a substantial part of the acts of infringement complained of herein have occurred in the State of California and in this District, and/or Counter-defendants have caused injury to Counterclaimant in the State of California and in this District.

5.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a) in that in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a). Additionally, this Counterclaim is compulsory based on the filing of the action entitled Yellowcake, Inc. v. Morena Music Inc., Case No. 1:20-CV-00787-AWI-BAM.

///

///

///

## THE PARTIES

6.     Counterclaimant Morena Music, Inc. is a California Corporation with its headquarters in the County of Los Angeles that conducts business in the Central District of California.

7.     Counter-defendant Yellowcake, Inc. (hereinafter "Yellowcake") is a California corporation with its headquarters in the County of Stanislaus that conducts business in the Eastern District of California.

8.     Counter-defendant Colonize Media, Inc. (hereinafter "Colonize") is a California corporation with its headquarters in the County of Stanislaus that conducts business in the Eastern District of California.

9.     Counter-defendant Jose David Hernandez (hereinafter "Hernandez") is an individual and principal of Yellowcake and Colonize, who resides in the County of Fresno and conducts business in the Eastern District of California.

10.     Counterclaimant alleges that at all times relevant to the facts and circumstances of this Counterclaim, each of the Counter-defendants was the subsidiary, parent, agent, principal, manager, officer, director, instrument, alter ego, franchisee, franchisor, employee, employer, master, servant, partner, co-conspirator, and/or successor or predecessor in interest of the other Counter-defendants, and in committing the acts and omissions hereinafter alleged, was acting within the scope of such agency, management, instrumentality, office, directorship, employment, franchise, servitude, partnership, conspiracy, or interest, and with the consent of his, her, or its Counter-defendants.

## GENERAL ALLEGATIONS

11.     Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 11 as if fully set forth herein.

12.     Counterclaimant Morena is a record label which is in the business of producing, manufacturing, distributing, exploiting, selling, and licensing sound and audiovisual recordings and artwork in the United States.

2

AMENDED COUNTERCLAIM

13.     Jesus Chavez Sr. (hereinafter "Chavez") is the founder and principal of a musical group by the name of Los Originales De San Juan. Los Originales De San Juan is a popular musical group in the genre of Spanish-language Regional Mexican music.

14.     On or about September 16, 2013, Counterclaimant entered into an oral recording agreement with Chavez (hereinafter, "Agreement") whereby Counterclaimant commissioned Chavez, to provide services as a recording artist in the making of sound and audio-visual recordings embodied in albums listed on **Exhibit 1** (hereinafter, "Los Originales Albums"). Pursuant to the Agreement, Counterclaimant agreed to: 1) select the musical compositions to be recorded on the Los Originales Albums; 2) commission and/or provide the sound engineers and audio-visual directors; 3) produce the musical performances to be embodied on the Los Originales Albums; 4) direct the recording and filming of musical and audiovisual performances to be embodied on the Los Originales Albums; and 5) pay Chavez a fixed amount per Los Originales Album. In turn, Chavez agreed to follow Counterclaimant's artistic direction, perform and record the sound and audiovisual recordings embodying the musical compositions chosen and produced by Counterclaimant, and grant Counterclaimant the non-exclusive right to utilize Chavez's name and likeness as well as his musical group's name in connection with the exploitation of the Los Originales Albums in perpetuity.

15.     By selecting the musical compositions, commissioning and directing engineers and directors to perform services and/or performing such services itself, and by directing the recording of the musical performances to be embodied on the Los Originales Albums, Counterclaimant contributed sufficient originality to the creation of the Los Originales Albums to make Counterclaimant, at minimum, the co-author, co-owner, and joint owner of the Copyrights in such works.

///

///

AMENDED COUNTERCLAIM

16.    Counterclaimant also produced, created, and designed the album cover art associated with the Los Originales Albums. This included, without limitation, locating and scouting locations, hiring the photographer(s) and/or taking the photographs itself, designing sets/props, assisting with wardrobe, and providing graphic design work (hereinafter, "Los Originales Cover Art").

17.    Counterclaimant, therefore, registered copyrights in the Los Originales Albums listed on **Exhibit 2** ("Originales Copyrights"), and the Los Originales Cover Art listed on **Exhibit 3**.

18.    Accordingly, Counterclaimant is the exclusive copyright owner of the Los Originales Cover Art and is at least a co-owner along with Chavez in the copyrights for the Los Originales Albums.

19.    In or about April 2019, Counter-defendant Hernandez had a meeting with Chavez in the County of Fresno. At this meeting, Hernandez intentionally and willfully misled Chavez into mistakenly believing that Counterclaimant had no rights to the Los Originales Albums or Cover Art, and that Chavez was therefore free to sell all rights in the subject works exclusively to Hernandez's companies, Counter-defendants Yellowcake and Colonize.

20.    Accordingly, Counter-defendant Hernandez offered Chavez a significant sum of money, as well as the promise to indemnify Chavez in the event Counterclaimant sought legal redress from Chavez, to purportedly purchase the exclusive rights in the Los Originales Albums and Cover Art. Counter-defendant Hernandez engaged in such fraudulent and otherwise wrongful conduct, both individually and in his capacity as a principal of Counter-defendants Yellowcake and Colonize.

21.    As a result, thereof Chavez purportedly entered into an agreement to ostensibly sell the entirety of all right, title and interest in and to the Los Originales Albums and Cover Art exclusively to Counter-defendant Yellowcake. At the time he entered into this agreement with Counter-defendant Yellowcake, however, Chavez did

4

not possess such exclusive rights to grant in their entirety, rendering such agreement void *ab initio*.

22.    On or about December 21, 2019, Counterclaimant discovered that Counter-defendant Yellowcake and Colonize had created and/or caused to be created copies of works of the Los Originales Albums and Cover Art, and were distributing, selling, and commercially exploiting these derivative works via such online platforms as iTunes, Apple Music, Spotify, Amazon Music and YouTube, without Counterclaimant's authorization. Furthermore, Counter-defendants Yellowcake and Colonize uploaded derivative works of the Los Originales Albums and Cover Art on YouTube.

23.    On or about December 21, 2019, Counterclaimant first learned that Counter-defendant Yellowcake was unlawfully claiming exclusive ownership in the masters and sound recordings embodied in the Los Originales Albums when it sent correspondence to Counterclaimant.

24.    Counter-defendants Yellowcake and Colonize are commercially exploiting the Los Originales Cover Art which Counterclaimant created, designed, and owns the copyrights in. The only modification to the cover art being distributed, displayed, and exploited over streaming platforms by Counter-defendants Yellowcake and Colonize result from the removal and substitution of all logos belonging to and/or identifying Counterclaimant with Counter-defendants' respective logos. Aside from this substitution of logos, Counter-defendants' Album Cover Art is identical to Counterclaimant's.

25.    Counter-defendants Yellowcake and Colonize do not possess an exclusive right or license from Chavez and Counterclaimant, as co-owners, to use and exploit the Los Originales Albums and Cover Art. Accordingly, Counter-defendants do not currently possess the authority to engage in the ongoing reproduction, use, and/or display of the Los Originales Album and Cover Art to the exclusion of Counterclaimant.

AMENDED COUNTERCLAIM

26.    Counter-defendants Colonize and Yellowcake sent fraudulent DMCA takedown notices to YouTube falsely claiming that Counterclaimant had no right to post or upload the Los Originales Albums and Cover Art. Prior to that time, Counterclaimant had received significant revenue from YouTube and its uploads provided an important and lucrative marketing channel for the Los Originales Albums and Cover Art.

27.    To date, Counter-defendants' uploads of the Los Originales Albums and Cover Art which are rightfully owned by Counterclaimant have generated substantial views on their respective YouTube channels. Counterclaimant is also informed and believes and thereon alleges that Counter-defendants have generated significant sums of money from their unlawful distribution, licensing, and commercial exploitation of the Los Originales Albums and Cover Art.

28.    Counter-defendants' use of Counterclaimant's copyrighted materials to the exclusion of Counterclaimant is a blatant violation of Counterclaimant's rights under federal copyright law and California law.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. § 101 et seq.

### as to the Los Originales Albums

### (Against All Counter-defendants)

29.    Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

30.    This claim for relief arises under 17 U.S.C. § 501.

31.    At all times relevant, Counterclaimant has been, and is, a co-owner in and to the Los Originales Albums, and all of the rights therein as provided under 17 U.S.C. § 106.

32.    The copyrighted works in the Los Originales Albums are sound and audiovisual recordings and are original joint works of authorship constituting copyrightable subject matter within the meaning of 17 U.S.C. § 102.

6

AMENDED COUNTERCLAIM

33.    Without authorization from, or compensation to, Counterclaimant as a co-owner of the Los Originales Albums, Counter-defendants Yellowcake and Colonize are willfully and unlawfully exercising exclusive control over such works, including by reproducing, displaying, and/or publicly performing the Los Originales Copyrights, in violation of 17 U.S.C. §§ 106 and 501.

34.    These unauthorized reproductions, public performances and/or displays are distributed, uploaded, and exploited by Counter-defendants on such streaming services as Spotify, Apple ITunes, Apple Music Pandora, as well as YouTube.

35.    Counter-defendants' infringement of Counterclaimants' rights in each of the Los Originales Copyrights constitutes a separate and distinct act of infringement.

36.    Counter-defendants' acts of infringement are knowing, willful and intentional and in disregard of and indifference to Counterclaimant's rights. As set forth above, Counter-defendants were aware of Counterclaimant's claim of co-ownership in the Los Originales Copyrights.

37.    Counterclaimant herein alleges that Counter-defendant Hernandez was aware of Counter-defendants' Yellowcake and Colonize's direct acts of infringement as alleged herein, and nevertheless knowingly and willfully permitted, and continues to permit, such Counter-defendants to unlawfully exploit the relevant works without authorization.

38.    As a direct and proximate result of Counter-defendants' infringement of Counterclaimant's rights under copyright, Counterclaimant is entitled to maximum statutory damages pursuant to 17 U.S.C. Section 504(c) in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. Section 504(c). Alternatively, at Counterclaimant's election, pursuant to 17 U.S.C. Section 504(b), Counterclaimant is entitled to its actual damages, including Counter-defendant's profits from the infringement, as will be proven at trial.

///

AMENDED COUNTERCLAIM

39.    Counter-defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaimant great and irreparable injury that cannot be fully compensated or measured in money damages. Counterclaimant has no adequate remedy at law. Accordingly, Counterclaimant is entitled to a permanent injunction prohibiting infringement of Counterclaimant's copyrights and exclusive rights under copyright pursuant to 17 U.S.C. § 502.

40.    Counterclaimant is also entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. Section 505.

## SECOND CLAIM FOR RELIEF

### Copyright Infringement Under 17 U.S.C. § 101 et seq.

### as to the Los Originales Cover Art

### (Against All Counter-defendants)

41.    Counterclaimants repeat and reallege every allegation contained in paragraphs 1 through 41 as if fully set forth herein.

42.    This claim for relief arises under 17 U.S.C. § 501.

43.    At all times relevant, Counterclaimant owned all right, title and interest in and to the Los Originales Cover Art and has been the owner of the exclusive rights provided therefore under 17 U.S.C. § 106.

44.    Counterclaimants' copyrighted works in the Los Originales Cover Art are works of visual art and are original works of authorship constituting copyrightable subject matter within the meaning of 17 U.S.C. § 102.

45.    Without authorization or compensation, Counter-defendants Yellowcake and Colonize are willfully and unlawfully reproducing, exploiting, and displaying the Los Originales Cover Art in violation of 17 U.S.C. §§ 106 and 501.

46.    Based on information and belief, it was Counter-defendants Yellowcake and Colonize that determined what cover art should accompany a stream of a sound recording and selected the cover art to be displayed. The cover art which Counter-defendants Yellowcake and Colonize are displaying, exploiting, and reproducing is

AMENDED COUNTERCLAIM

identical to the Los Originales Cover Art, with the minor exception that Counter-defendants have replaced Counterclaimant's logo with their own logo.

47.    Counter-defendants' infringement of Counterclaimants' rights in the Los Originales Cover Art constitute separate and distinct acts of infringement.

48.    Counter-defendants' acts of infringement are knowing, willful and intentional and in conscious disregard of and indifference to Counterclaimants' rights. As set forth above, Counter-defendants' were aware of Counterclaimant's claim of ownership in the Los Originales Cover Art.

49.    Counterclaim herein alleges that Counter-defendant Hernandez was aware of Counter-defendants' Yellowcake and Colonize's acts of infringement as alleged herein, and nevertheless knowingly and willfully permitted, and continues to permit, such Counter-defendants to unlawfully exploit the relevant works without authorization.

50.    As a direct and proximate result of Counter-defendants' infringement of Counterclaimants' copyrights and exclusive rights under copyright, Counterclaimant is entitled to maximum statutory damages pursuant to 17 U.S.C. Section 504(c) in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. Section 504(c).

51.    Counter-defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaimant great and irreparable injury that cannot be fully compensated or measured in money damages. Counterclaimant has no adequate remedy at law. Accordingly, Counterclaimant is entitled to a permanent injunction prohibiting infringement of Counterclaimant's copyrights and exclusive rights under copyright pursuant to 17 U.S.C. § 502.

52.    Counterclaimant is entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. Section 505.

///

## THIRD CLAIM FOR RELIEF

**Unfair Competition Under California Business and Professions Code § 17200**

**(Against All Counter-defendants)**

53.     Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 53 as if fully set forth herein.

54.     Counter-defendants's conduct as alleged herein, including infringement of the Los Originales Albums and Cover Art, have been and continue to be unlawful and harmful to Counterclaimant and to the general public. Counterclaimant therefore seeks to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure ("CCP") § 1021.5.

55.     A violation of Cal. Bus. and Prof. Code §§ 17200, *et seq*. may be predicated on the violation of any state or federal law. In the instant case, Defendants' infringement of the Work violates federal Copyright law.

56.     Counterclaimant has been personally aggrieved by Defendants' unlawful business acts and practices, as alleged herein, including, but not limited to, the loss of money and/or property.

57.     Pursuant to Cal. Bus. and Prof. Code §§ 17200, *et seq*., CCP § 1021.5, and other applicable laws, Hyphy is entitled to an award of reasonable attorneys' fees and costs against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays for judgment against Counter-defendants and each of them, jointly and severally, as follows:

1.     For a permanent injunction enjoining Counter-defendants, and each of them, and their respective agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert or participation with each or any of them.

///

///

AMENDED COUNTERCLAIM

A.    from directly or indirectly infringing in any manner any of Counterclaimant's copyrights, whether now in existence or hereafter created, including without limitation the copyrighted recordings listed in Exhibit 2; and

B.    from causing, contributing to, or participating in the infringement of any of Counterclaimant's respective copyrights, including by unauthorized distribution to the public by sale or other transfer of ownership, by manufacture, rental, lease or lending any of Counterclaimant's copyrighted works or by preparation of any unauthorized works, including derivative works, embodying any of Counterclaimant's copyrighted works, including without limitation the copyrighted recordings listed in Exhibit 2.

2.    For damages in such amount as may be found, and requiring Counter-defendants to account for and pay over to Counterclaimant all profits derived from all acts of copyright infringement; alternatively, for statutory damages in the amount of $150,000 with respect to each copyright work involved in the action, for all infringements with respect to the copyrighted work concerned, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

3.    For treble damages in amount of Counter-defendants' profits or Counterclaimant's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b).

4.    For the disgorgement and restitution of all gains, profits and advantages obtained by Counter-defendants as a result of their violation of California Business and Professions Code § 17200 in an amount to be determined at trial, pursuant to California Business and Professions Code § 17203.

5.    For the imposition of a constructive trust on all proceeds received by Defendants for the conduct alleged herein.

6.    For actual and compensatory damages in an amount according to proof.

7.    For exemplary or punitive damages in an amount according to proof.

AMENDED COUNTERCLAIM

8.    For prejudgment interest according to law.

9.    For Counterclaimant's costs and disbursement in this action, together with reasonable attorneys' fees incurred herein.

10.    For such other and further relief as the Court may deem just and proper.

Dated: March 23, 2021                LAW OFFICES LOPEZ & ASSOCIATES


By: _*Anthony R. Lopez*_____
Anthony R Lopez, Attorney for
Counterclaimant

---

12

AMENDED COUNTERCLAIM

**EXHIBIT "1"**

**Los Originales Albums**

## Los Originales de San Juan 50 Mentadas

1. 50 Mentadas
2. El Costa Lleno de Piedras
3. Ni Con Todo El Dinero del Mundo
4. Volver a Vivir
5. El Ajijado de la Muerte
6. El Fierros
7. Don Miguel Magana
8. Maldito Compadre
9. Maldito Vicio
10. Por Alguien
11. El Tartanero
12. Corre y Dile
13. La Muerte de Manuelon
14. Falta Y Mentirosa
15. Fiesta En Mi Rancho
16. Regalo Equivocado

## Los Originales De San Juan 15 Corridos Inmortales

1. Los Principios
2. Santos Cantu
3. El Regio Traficante
4. Se Les Pelo Baltzar
5. Juan Martha
6. El Rayo de Sinaloa
7. El Cabo de Michoacan
8. El Corrido de Los Perez

13

9.  El Malvado

10.La Raza Contenta

11.Charlando Con La Muerte

12.Gallo de Raza Fina

13.El Preso de Nuevo Leon

14.Juan Perez

15.El Corrido de Joselo

**<u>Los Originales de San Juan Celebrando 39</u>**

1.  El Dia Que Me Dejaste

2.  Tragos Amargos

3.  Los Consejlos (Ft. Chuy Chavez Jr.)

4.  Tomando Licores

5.  Mujer Bonita

6.  Ensename a Olvidar

7.  Vaciando Botellas

8.  La Palomita

9.  Te Llevaste

10.Corazones Rotos

11.El Sinalonense

12.Celebrando

AMENDED COUNTERCLAIM

1

2

3

**EXHIBIT "2"**
**LOS ORIGINALES COPYRIGHTS**
**Sound Recording**

| **Title of Work** | **Registration Number** |
|---|---|
| **Los Originales de San Juan 50 Mentadas** | **SR875-190** |
| **Los Originales de San Juan 16 Corridos Inmortales** | **SR 875-189** |
| **Los Originales de San Juan Celebrado** | **SR 875-191** |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COUNTERCLAIM

**EXHIBIT "3"**
**Visual Material**
**Cover Art**

| Title of Work | Registration Number |
|---|---|
| Los Originales de San Juan 50 Mentadas | VA0002213353 |
| Los Originales de San Juan 16 Corridos Inmortales | VA0002213354 |
| Los Originales de San Juan Celebrado | VA0002213352 |

16

AMENDED COUNTERCLAIM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT "3"**

**Visual Material**

**Cover Art**



AMENDED COUNTERCLAIM

1

2

3

**EXHIBIT "3"**

**Visual Material**

**Cover Art**



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COUNTERCLAIM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT "C"**

**Visual Material**

**Cover Art**



AMENDED COUNTERCLAIM

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 23, 2021, I electronically filed the foregoing with the document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties as follows:

THOMAS P. GRIFFIN, JR. Esq.
HEFNER, STARK & MAROIS, LLP
2150 RIVER PLAZA DRIVE, SUITE 450
SACRAMENTO, CA 95833

SETH L. BERMAN, sq.
ABRAMS, FENSTERMAN, FERNSTERMAN,
EISMAN, FORMATO, FERRARA, WOLF &
CARONE, LLP

In the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
Anthony R. Lopez

AMENDED COUNTERCLAIM