| | |
|---|---|
| **YELLOWCAKE, INC.,** | **CASE NO. 1:20-CV-0787 AWI BAM** |
| Plaintiff | |
| v. | **ORDER FOLLOWING SUPPLEMENTAL INFORMATION FROM COUNTERPLAINTIFF AND COUNTERDEFENDANTS** |
| **MORENA MUSIC, INC., and EDUARDO LEON dba Long Play Music, and DOES 1-50 inclusive,** | |
| Defendants | |
| **MORENA MUSIC, INC,** | |
| Count-Plaintiff | |
| v. | |
| **YELLOWCAKE, INC., COLONIZE MEDIA, INC., and JOSE DAVID HERNANDEZ,** | |
| Counter-Defendants | |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

This is a copyright dispute involving three copyrighted musical albums by the artist Los Originales De San Juan.

In March 2021, the Court granted in part and denied in part a motion to dismiss counterclaims. See Doc. No. 31. As part of the dismissal, the Court found that there was a potential problem with the copyrights held by Counter-Plaintiff Morena Music, Inc. ("Morena") based on the publicly available registration information. The Court required the parties to address the Court's concerns through supplemental briefing and for Morena to specifically address the challenges to the validity of its copyrights. The Court explained to Morena that its response should in part "attempt to explain the apparent inaccuracies in the registration information and explain what information was presented as part of its registration application." Id.

The parties submitted their supplemental briefing. In relevant part, Morena acknowledges that its copyrighted albums are identified as works for hire in the registrations. A declaration from a Morena employee explains that listing the copyrighted albums as works for hire was inadvertent and unintentional, was based on the employee's honest understanding of the albums, that the employee did not realize that Morena had a protectable ownership interest in the albums through artistic contributions, the employee did not know that there were competing copyrights for the albums that had already been filed with the copyright office, and that the copyright paperwork was prepared and filed without consultation with counsel. See Doc. No. 33 (Durant Dec.).

The Copyright Act in relevant part provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with [the Copyright Act]." 17 U.S.C. § 411(a). While this section does not impose a precondition to copyright protection, it does expressly prohibit "copyright owners from bringing infringement actions without first properly registering their work." Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 959 F.3d 1194, 1197 (9th Cir. 2020); see also Alaska Stock, 747 F.3d at 678.

The Ninth Circuit has explained that, "once a defendant alleges that (1) a plaintiff's certificate of registration contains inaccurate information; (2) 'the inaccurate information was included on the application for copyright registration'; and (3) the inaccurate information was included on the application 'with knowledge that it was inaccurate,' a district court is then required to submit a request to the Register of Copyrights 'to advise the court whether the inaccurate information, if known, would have caused [it] to refuse registration.'" Unicolors, 959 F.3d at 1197 (quoting 17 U.S.C. § 411(b)(1)-(2)). Courts may "not consider in the first instance whether the Register of Copyrights would have refused registration due to the inclusion of known inaccuracies in a registration application." Id. Additionally, "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless . . . the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." Jules Jordan Video, Inv. v. 144942 Canada, Inc., 617 F.3d 1146, 1156 (9th Cir. 2010) (quoting Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,

1 | 345 F.3d 1140, 1145 (9th Cir. 2003)); see also <u>Gold Value Int'l Textile, Inc. v. Sanctuary Clothing,
2 | Ltd. Liab. Co.</u>, 925 F.3d 1140, 1146 (9th Cir. 2019)

3 First, under *Unicolors*, the supplemental briefing confirms that Morena's copyright registrations in the albums at issue contain inaccurate information; Morena admits as much in its briefing. <u>See</u> Doc. No. 34 at 2:22-24. Second, Morena did not include a copy of the copyright applications. However, in the absence of a contrary statement from Morena, the Court will assume that the copyright registrations accurately reflect the information that was included in the copyright applications. Therefore, the Court concludes that the copyright applications contained inaccurate information. Third, Counter-Defendants are alleging that the inaccuracies were knowingly included in the applications. Morena clearly contends that its error was innocent inadvertence. Counter-Defendants argue that the timing of the applications in relation to the complaint in this case (four months later) and the creation of the albums (several years after the albums were made), as well as declarations from a sound engineer on the albums and the principal musician of Los Originales, demonstrate that the inaccuracies were knowingly and intentionally made on the applications. The Court will not resolve at this time or through this supplemental briefing process whether Morena knowingly included inaccuracies in the copyright applications. <u>See</u> Doc. No. 31 at 33:17-25. Under *Unicolors*, for the Court to send an inquiry to the Register of Copyrights, it is sufficient for Counter-Defendants to allege that the inaccuracies were knowingly included in the application. <u>See</u> <u>Unicolors</u>, 959 F.3d at 1197. Therefore, the Court concludes that the three requirements of *Unicolors* have been met.

Pursuant to *Unicolors*, the Court will send an inquiry to the Register of Copyrights to determine whether the inaccurate information would have resulted in the refusal to register the three albums as copyrighted material. Separate from this order, the Court will e-mail a draft letter to counsel. Counsel will be given an opportunity to review the letter to offer suggestions or corrections as may be warranted under the circumstances. However, simply because a change is suggested or requested does not mean that the Court will make the change. The Court will inform the parties whether a requested change will be made. The Court will file a copy of the letter that is ultimately sent to the Register on the docket.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Register of Copyrights will be contacted to determine whether Morena Music's three copyrights would have been registered if the inaccuracies had been known to the Register at the time of registration;

2. The issue of Morena Music's *mens rea* with respect to the copyright applications/registrations remains outstanding and will be determined in later proceedings;

3. The parties shall respond to all recipients of the Court's e-mail with the draft letter to the Register of Copyrights within five (5) days of receipt of the e-mail;[1]

4. The failure of a party to respond to the Court's e-mail will be construed as a response that the draft letter is acceptable as is.

IT IS SO ORDERED.

Dated:   May 5, 2021                                   _____
                                                                    SENIOR DISTRICT JUDGE

---

[1] The response may make suggestions or request changes or state that the draft letter is acceptable as is.