LAW OFFICES LOPEZ & ASSOCIATES
ANTHONY R. LOPEZ, CASBN 149653
500 Newport Center Dr., Suite 600
Newport Beach, CA 92660
Telephone: (310)276-4700

ALTVIEW LAW GROUP LLG
JOHN M. BEGAKIS
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
(310)230--5580

ALEJANDRO MENCHACA CASBN 220471
9025 Wilshire Blvd., Suite 500
Beverly Hills, California 90211
Telephone Number: (626) 554-4744

*Attorneys for Defendant/Counterclaimant*
MORENA MUSIC, INC., a California corporation

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California Corporation, | CASE NO: 1:20-cv-00787-AWI-BAM |
| Plaintiff, | **SECOND AMENDED COUNTERCLAIM** |
| v. | |
| MORENA MUSIC, INC., a California corporation; EDUARDO LEON, d/b/a LONG PLAY MUSIC; | |
| Defendants. | |
| MORENA MUSIC, INC., a California corporation, | |
| Counterclaimant | |
| v. | |
| YELLOWCAKE, INC., a California corporation; COLONIZE MEDIA, INC; JOSE DAVID HERNANDEZ, an individual; | |
| Counter-defendants | **DEMAND FOR JURY TRIAL** |

SECOND AMENDED COUNTERCLAIM

Counterclaimant Morena Music, Inc. ("Morena" or "Counterclaimant"), by and through their undersigned attorneys, allege as follows:

## NATURE OF THE ACTION

1. Counterclaimant brings this action seeking to put an immediate stop to, and to obtain redress for, Counter-defendants' ongoing and willful infringement of Counterclaimants' rights in copyrighted recordings and album cover art.

## JURISDICTION

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

3. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over Counterclaimant's state law claims under 28 U.S.C § 1367.

4. This Court has personal jurisdiction over Counter-defendants because, among other things, Counter-defendants Yellowcake and Colonize maintain offices and do business in this District. Counter-defendant Hernandez does business and resides in the Eastern District. Furthermore, a substantial part of the acts of infringement complained of herein have occurred in the State of California and in this District, and/or Counter-defendants have caused injury to Counterclaimant in the State of California and in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a) in that in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(a). Additionally, this Counterclaim is compulsory based on the filing of the action entitled Yellowcake, Inc. v. Morena Music Inc., Case No. 1:20-CV-00787-AWI-BAM.

///
///
///

1

SECOND AMENDED COUNTERCLAIM

## THE PARTIES

6. Counterclaimant Morena Music, Inc. is a California Corporation with its headquarters in the County of Los Angeles that conducts business in the Central District of California.

7. Counter-defendant Yellowcake, Inc. (hereinafter "Yellowcake") is a California corporation with its headquarters in the County of Stanislaus that conducts business in the Eastern District of California.

8. Counter-defendant Colonize Media, Inc. (hereinafter "Colonize") is a California corporation with its headquarters in the County of Stanislaus that conducts business in the Eastern District of California.

9. Counter-defendant Jose David Hernandez (hereinafter "Hernandez") is an individual and principal of Yellowcake and Colonize, who resides in the County of Fresno and conducts business in the Eastern District of California.

10. Counterclaimant alleges that at all times relevant to the facts and circumstances of this Counterclaim, each of the Counter-defendants was the subsidiary, parent, agent, principal, manager, officer, director, instrument, alter ego, franchisee, franchisor, employee, employer, master, servant, partner, co-conspirator, and/or successor or predecessor in interest of the other Counter-defendants, and in committing the acts and omissions hereinafter alleged, was acting within the scope of such agency, management, instrumentality, office, directorship, employment, franchise, servitude, partnership, conspiracy, or interest, and with the consent of his, her, or its Counter-defendants.

## GENERAL ALLEGATIONS

11. Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 11 as if fully set forth herein.

12. Counterclaimant Morena is a record label which is in the business of producing, manufacturing, distributing, exploiting, selling, and licensing sound and audiovisual recordings and artwork in the United States.

13. Jesus Chavez Sr. (hereinafter "Chavez") is the founder and principal of a musical group by the name of Los Originales De San Juan. Los Originales De San Juan is a popular musical group in the genre of Spanish-language Regional Mexican music.

14. On or about September 16, 2013, Counterclaimant entered into an oral recording agreement with Chavez (hereinafter, "Agreement") whereby Counterclaimant commissioned Chavez, to provide services as a recording artist in the making of sound and audio-visual recordings embodied in albums .

15. Counterclaimant also produced, created, and designed the album cover art associated with the Los Originales Albums. This included, without limitation, locating and scouting locations, hiring the photographer(s) and/or taking the photographs itself, designing sets/props, assisting with wardrobe, and providing graphic design work (hereinafter, "Los Originales Cover Art").

16. Counterclaimant, therefore, registered copyrights and the Los Originales Cover Art listed on **Exhibit 1**.

17. Accordingly, Counterclaimant is the exclusive copyright owner of the Los Originales Cover Art and is at least a co-owner along with Chavez in the copyrights for the Los Originales Albums.

18. In or about April 2019, Counter-defendant Hernandez had a meeting with Chavez in the County of Fresno. At this meeting, Hernandez intentionally and willfully misled Chavez into mistakenly believing that Counterclaimant had no rights to the Los Originales Cover Art, and that Chavez was therefore free to sell all rights in the subject works exclusively to Hernandez's companies, Counter-defendants Yellowcake and Colonize.

19. Accordingly, Counter-defendant Hernandez offered Chavez a significant sum of money, as well as the promise to indemnify Chavez in the event Counterclaimant sought legal redress from Chavez, to purportedly purchase the exclusive rights in the Los Originales Cover Art. Counter-defendant Hernandez

engaged in such fraudulent and otherwise wrongful conduct, both individually and in his capacity as a principal of Counter-defendants Yellowcake and Colonize.

20. As a result thereof, Chavez purportedly entered into an agreement to ostensibly sell the entirety of all right, title and interest in and to the Los Originales Cover Art exclusively to Counter-defendant Yellowcake. At the time he entered into this agreement with Counter-defendant Yellowcake, however, Chavez did not possess such exclusive rights to grant in their entirety, rendering such agreement void *ab initio*.

21. On or about December 21, 2019, Counterclaimant discovered that Counter-defendant Yellowcake and Colonize had created and/or caused to be created copies of works of the Los Originales Cover Art, and were distributing, selling, and commercially exploiting these derivative works via such online platforms as ITunes, Apple Music, Spotify, Amazon Music and YouTube, without Counterclaimant's authorization. Furthermore, Counter-defendants Yellowcake and Colonize uploaded derivative works of the Cover Art on YouTube.

22. On or about December 21, 2019, Counterclaimant first learned that Counter-defendant Yellowcake was unlawfully claiming exclusive ownership in the Los Originales Cover Art when it sent correspondence to Counterclaimant.

23. Counter-defendants Yellowcake and Colonize are commercially exploiting the Los Originales Cover Art which Counterclaimant created, designed, and owns the copyrights in. The only modification to the cover art being distributed, displayed, and exploited over streaming platforms by Counter-defendants Yellowcake and Colonize result from the removal and substitution of all logos belonging to and/or identifying Counterclaimant with Counter-defendants' respective logos. Aside from this substitution of logos, Counter-defendants' Album Cover Art is identical to Counterclaimant's.

24. Counter-defendants Yellowcake and Colonize do not possess an exclusive right or license from Chavez and Counterclaimant, as co-owners, to use and

exploit the Los Originales Cover Art. Accordingly, Counter-defendants do not currently possess the authority to engage in the ongoing reproduction, use, and/or display of the Los Originales Cover Art to the exclusion of Counterclaimant.

25. Counter-defendants Colonize and Yellowcake sent fraudulent DMCA takedown notices to YouTube falsely claiming that Counterclaimant had no right to post or upload the Los Originales Cover Art. Prior to that time, Counterclaimant had received significant revenue from YouTube and its uploads provided an important and lucrative marketing channel for the Los Originales Cover Art.

26. To date, Counter-defendants' uploads of the Los Originales Cover Art which are rightfully owned by Counterclaimant have generated substantial views on their respective YouTube channels. Counterclaimant is also informed and believes and thereon alleges that Counter-defendants have generated significant sums of money from their unlawful distribution, licensing, and commercial exploitation of the Los Originales Cover Art.

27. Counter-defendants' use of Counterclaimant's copyrighted materials to the exclusion of Counterclaimant is a blatant violation of Counterclaimant's rights under federal copyright law and California law.

## FIRST CLAIM FOR RELIEF

**Copyright Infringement Under 17 U.S.C. § 101 et seq.**

**as to the Los Originales Cover Art**

**(Against All Counter-defendants)**

28. Counterclaimants repeat and reallege every allegation contained in paragraphs 1 through 27 as if fully set forth herein.

29. This claim for relief arises under 17 U.S.C. § 501.

30. At all times relevant, Counterclaimant owned all right, title and interest in and to the Los Originales Cover Art and has been the owner of the exclusive rights provided therefore under 17 U.S.C. § 106.

31. Counterclaimants' copyrighted works in the Los Originales Cover Art are works of visual art and are original works of authorship constituting copyrightable subject matter within the meaning of 17 U.S.C. § 102.

32. Without authorization or compensation, Counter-defendants Yellowcake and Colonize are willfully and unlawfully reproducing, exploiting, and displaying the Los Originales Cover Art in violation of 17 U.S.C. §§ 106 and 501.

33. Based on information and belief, it was Counter-defendants Yellowcake and Colonize that determined what cover art should accompany a stream of a sound recording and selected the cover art to be displayed. The cover art which Counter-defendants Yellowcake and Colonize are displaying, exploiting, and reproducing is identical to the Los Originales Cover Art, with the minor exception that Counter-defendants have replaced Counterclaimant's logo with their own logo.

34. Counter-defendants' infringement of Counterclaimants' rights in the Los Originales Cover Art constitute separate and distinct acts of infringement.

35. Counter-defendants' acts of infringement are knowing, willful and intentional and in conscious disregard of and indifference to Counterclaimants' rights. As set forth above, Counter-defendants' were aware of Counterclaimant's claim of ownership in the Los Originales Cover Art.

36. Counterclaimant is further informed and believes and, on the basis of such information and belief, herein alleges that Counter-defendant Hernandez was aware of Counter-defendants' Yellowcake and Colonize's acts of infringement as alleged herein, and nevertheless knowingly and willfully permitted, and continues to permit, such Counter-defendants to unlawfully exploit the relevant works without authorization.

37. As a direct and proximate result of Counter-defendants' infringement of Counterclaimants' copyrights and exclusive rights under copyright, Counterclaimant is entitled to maximum statutory damages pursuant to 17 U.S.C. Section 504(c) in the

amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. Section 504(c).

38. Counter-defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Counterclaimant great and irreparable injury that cannot be fully compensated or measured in money damages. Counterclaimant has no adequate remedy at law. Accordingly, Counterclaimant is entitled to a permanent injunction prohibiting infringement of Counterclaimant's copyrights and exclusive rights under copyright pursuant to 17 U.S.C. § 502.

39. Counterclaimant is entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. Section 505.

## **SECOND CLAIM FOR RELIEF**

### **Accounting**

40. Counterclaimant repeats and realleges every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41. The claim for relief arises under the common law of the State of California and is alleged against all Counter-defendants.

42. Counter-defendants are in possession of information relating to monies paid to Counter-defendants from their infringing actions described herein, which represents a misappropriation of monies from Counterclaimant.  The books, accounts, records, ledgers, etc. which provide this information are in the possession of Counter-defendants and each of them.  The amount of damages, profits and interest owing to Counterclaimant from Counter-defendants cannot be ascertained without an accounting by Counter-defendants and each of them.

43. Counter-defendants and each of them have also benefitted economically from their infringing actions without accounting to Counterclaimant for the income and profits realized by Counter-defendants and each of them as a result of such activities.

44. Counterclaimant hereby demands, and is entitled to, an accounting of all

7

SECOND AMENDED COUNTERCLAIM

monies received by Counter-defendants and each of them from their infringing actions.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaimant prays for judgment against Counter-defendants and each of them, jointly and severally, as follows:

1. For a permanent injunction enjoining Counter-defendants, and each of them, and their respective agents, servants, employees, officers, attorneys, successors, and assigns, and all persons acting in concert or participation with each or any of them.

   A. from directly or indirectly infringing in any manner any of Counterclaimant's copyrights, whether now in existence or hereafter created, including without limitation the Cover Art listed in Exhibit 1 and Exhibit 2; and

   B. from causing, contributing to, or participating in the infringement of any of Counterclaimant's respective copyrights, including by unauthorized distribution to the public by sale or other transfer of ownership, by manufacture, rental, lease or lending any of Counterclaimant's copyrighted works or by preparation of any unauthorized works, including derivative works, embodying any of Counterclaimant's copyrighted works, including without limitation the Cover Art listed in Exhibit 1 and Exhibit 2.

2. For damages in such amount as may be found and requiring Counter-defendants to account for and pay over to Counterclaimant all profits derived from all acts of copyright infringement; alternatively, for statutory damages in the amount of $150,000 with respect to each copyright work involved in the action, for all infringements with respect to the copyrighted work concerned, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

3. For treble damages in amount of Counter-defendants' profits or Counterclaimant's damages, whichever is greater, pursuant to 15 U.S.C. § 1117(b).

4. For the imposition of a constructive trust on all proceeds received by Defendants for the conduct alleged herein.

5. For an accounting of all monies received by Defendants form their infringing activities in connection with the use of the Cover Art.

6. For actual and compensatory damages in an amount according to proof.

7. For exemplary or punitive damages in an amount according to proof.

8. For prejudgment interest according to law.

9. For Counterclaimant's costs and disbursement in this action, together with reasonable attorneys' fees incurred herein.

10. For such other and further relief as the Court may deem just and proper.

Dated: August 16, 2021                LAW OFFICES LOPEZ & ASSOCIATES


By: *Anthony R. Lopez*
         Anthony R. Lopez, Attorney for
                    Counterclaimant

# EXHIBIT "1"
## Visual Material
## Cover Art

| Title of Work | Registration Number |
|---|---|
| Los Originales de San Juan 50 Mentadas | VA0002213353 |
| Los Originales de San Juan 16 Corridos Inmortales | VA0002213354 |
| Los Originales de San Juan Celebrado | VA0002213352 |

SECOND AMENDED COUNTERCLAIM

**EXHIBIT "2"**

**Visual Material**

**Cover Art**



SECOND AMENDED COUNTERCLAIM





**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on August 16, 2021, I electronically filed the foregoing with the document with the Clerk of the Court using the CM/ECF filing system. I also certify that the foregoing document is being served this date on all counsel of record or pro se parties as follows:

    THOMAS P. GRIFFIN, JR. Esq.
    HEFNER, STARK & MAROIS, LLP
    2150 RIVER PLAZA DRIVE, SUITE 450
    SACRAMENTO, CA 95833

    SETH L. BERMAN, sq.
    ABRAMS, FENSTERMAN, FERNSTERMAN,
    EISMAN, FORMATO, FERRARA, WOLF &
    CARONE, LLP

In the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                            *Anthony R. Lopez*
                            Anthony R. Lopez