UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOWCAKE, INC., a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>MORENA MUSIC, INC., a California corporation; EDUARDO LEON, d/b/a LONG PLAY MUSIC; and Does 1 through 50, inclusive,<br><br>        Defendants.<br>_____<br>MORENA MUSIC, INC., a California corporation,<br><br>        Counter Claimant,<br><br>   v.<br><br>YELLOWCAKE, INC., a California Corporation; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ, an individual,<br><br>        Counter Defendants.<br>_____ | No. 1:20-cv-00787-AWI-BAM<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** (Doc. 66)<br><br>**ORDER REOPENING LIMITED DISCOVERY FOR NINETY DAYS AND VACATING ALL REMAINING SCHEDULING ORDER DEADLINES** (Doc. 59)<br><br>**ORDER SETTING STATUS CONFERENCE** |
| YELLOWCAKE, INC., a California corporation,<br><br>        Plaintiff,<br>   v.<br><br>HYPHY MUSIC, INC.,<br><br>        Defendant. | No. 1:20-cv-00988-AWI-BAM<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR LEAVE TO SUPPLEMENT INITIAL DISCLOSURES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** (Doc. 55) |

| | |
|---|---|
| HYPHY MUSIC, INC., <br><br> Counter Claimant, <br><br> v. <br><br> YELLOWCAKE, INC.; COLONIZE MEDIA, INC.; JOSE DAVID HERNANDEZ; JESUS CHAVEZ, SR., <br><br> Counter Defendants. | **ORDER REOPENING LIMITED DISCOVERY FOR NINETY DAYS AND VACATING ALL REMAINING SCHEDULING ORDER DEADLINES** (Doc. 50) <br><br> **ORDER SETTING STATUS CONFERENCE** |

Currently before the Court are the following: (1) Defendants/Counter Claimant's *Ex Parte* Application for Leave to Supplement Initial Disclosures and Responses to Requests for Production of Documents in the matter of *Yellowcake, Inc. v. Morena Music, Inc.*, ("*Morena Music*"), 1:20-cv-00787-AWI-BAM (Doc. 66); and (1) Defendant/Counter Claimant's *Ex Parte* Application for Leave to Supplement Initial Disclosures and Responses to Requests for Production of Documents in the matter of *Yellowcake, Inc. v. Hyphy Music, Inc.*, ("*Hyphy Music*"), 1:20-cv-00988-AWI-BAM (Doc. 55). Plaintiff/Counter Defendants (collectively "Plaintiff") filed nearly identical responses in both matters requesting additional time to oppose the *ex parte* application and a 60-day adjournment of all case deadlines. (*See Morena Music*, Doc. 69; *Hyphy Music*, Doc. 57.) Defense counsel filed virtually identical replies in both actions. (*See Morena Music*, Doc. 70; *Hyphy Music*, Doc. 58.) The Court finds the current briefing adequate to address the applications. No additional briefing is necessary or required, nor will additional briefing be permitted. Accordingly, Plaintiff's request for an extension of time to oppose the applications is DENIED. The matter is deemed submitted on the record.

**I.   Background**

Given the related nature of the actions and the nearly identical issues for consideration, and in the interests of judicial economy and conservation of scarce judicial resources, the Court summarizes the issues as they are presented in the *Hyphy* matter, unless otherwise noted.

*Hyphy Music:*

Defendant Hyphy Music, Inc. ("Hyphy") asserts that on October 5, 2022, it discovered evidence – for the first time – proving its counterclaim for alleged infringement against Counter

2

1  Defendants Yellowcake, Inc., Colonize Media, Inc., Jose David Hernandez (principal of Plaintiff
2  Yellowcake, Inc. and Colonize Media), and Jesus Chavez, Sr. (founder and principal of musical
3  group *Los Originales De San Juan*) (collectively "Counter Defendants") of certain *Los Originales*
4  *De San Juan* album cover art owned by Hyphy.  Hyphy also asserts that it has come into
5  possession of copyright assignment agreements from two band members of *Los Originales De*
6  *San Juan.*, "which serve as critical evidence of [Counter Defendants'] lack of standing to sue
7  Hyphy for copyright infringement of the [*Los Originales De San Juan*] Albums for which
8  members were co-authors." (Doc. 55 at 6.)

9   Hyphy alleges that throughout the discovery process, Counter Defendants have "stymied"
10 Hyphy's efforts to obtain evidence of Counter Defendants' unauthorized upload of the *Los*
11 *Originales* albums with Hyphy's album artwork.  (*Id.*)  In particular, Hyphy alleges that Counter
12 Defendants "scrubbed (what they believed was) all evidence of such use from the internet." (*Id.*)
13 Hyphy also alleges that Counter Defendant Hernandez, a co-owner of Yellowcake, Inc. and
14 Colonize Media, "flat-out lied under oath" when asked in his deposition about whether Hyphy's
15 album artwork was originally uploaded with the *Los Originales* albums.  (*Id.*)

16   By the *ex parte* application, Hyphy requests leave to supplement its Initial Disclosures
17 with the identifies of the *Los Originales De San Juan* group member who assigned rights in the
18 *Los Originales* albums to Hyphy, and to supplement their document production with copies of the
19 assignment agreements and Hyphy's recently discovered evidence of alleged infringement of the
20 *Los Originales* album artwork.  (*Id.*)

21   In its letter brief, Plaintiff objects that there was no need for an expedited motion, arguing
22 Hyphy only filed the *ex parte* application because the dispositive motion deadline is October 24,
23 2022.  [This is only true for the *Morena Music* matter.]  Nevertheless, Plaintiff reports that the
24 parties met and conferred, and Plaintiff agreed to accept the late disclosures as timely, so long as
25 it could take limited discovery concerning the newly disclosed documents, including deposing
26 Hyphy's principal, Jose Martinez, and the counterparties to the assignment agreements, *Los*
27 *Originales De San Juan* band members, Domingo Torres Flores and Alfonso Vargas.  (Doc. 57 at
28 1-2.)  Hyphy refused to stipulate to that agreement.  Instead, Hyphy reportedly insisted on

1 reopening discovery "beyond the scope of the newly discovered documents, which is not even
2 relief Defendant requested in its *ex parte* application." (*Id.* at 2.)  According to Plaintiff, Hyphy
3 also refused to agree to additional time for Plaintiff to oppose the application or to reset the
4 summary judgment cutoff date.  Plaintiff requests a sixty-day adjournment of all case deadlines to
5 address the parties' dispute.

6       In reply, Hyphy claims that Plaintiff's counsel is mischaracterizing the parties' meet-and-
7 confer discussions.  Hyphy does not believe that unilateral additional discovery by Plaintiff is
8 appropriate.  Instead, Hyphy is willing to withdraw the *ex parte* application "if Counter-
9 Defendants' counsel will agree to a limited – but fair and mutual – reopening of the discovery
10 period to allow all sides to address [Defendants'] newly discovered evidence." (Doc. 58.)
11 According to an email attached to the reply, Hyphy informed Plaintiff of its agreement that
12 "stipulating to further, but limited, discovery on the issues supplemented is the better route to go"
13 and it has the ability to produce the two band members who are parties to the assignment
14 agreement (Flores and Vargas).  However, Hyphy also would like to conduct further discovery on
15 the recently discovered evidence of infringement.  Hyphy identifies this discovery as: (1) the
16 further deposition of Counter Defendant Jose David Hernandez on the issue of distribution of all
17 relevant works and on Hyphy's evidence of infringement; and (2) the deposition of Counter
18 Defendant Jesus Chavez, Sr. in his individual capacity.  (*Id.*)

19     *Morena Music*:

20       The *ex parte* application and related response and reply in *Morena Music* are nearly
21 identical to those in *Hyphy Music*.  By the application in *Morena Music*, Defendants Morena
22 Music, Inc. ("Morena") and Eduardo Leon (collectively "Defendants") request leave to
23 supplement their initial disclosures and document responses.  (Doc. 66 at 2.)  As in *Hyphy Music*,
24 Defendants report that on October 5, 2022, they discovered evidence proving their counterclaim
25 for alleged infringement of certain *Los Originales De San Juan* album cover artwork owned by
26 Morena.  (*Id.* at 6.)  Defendants also have come into possession of copyright assignment
27 agreements from two band members of *Los Originales De San Juan*, which reportedly serves as
28 evidence of Counter Defendants' "lack of standing to sue Defendants for copyright infringement

4

1 of [*Los Originales De San Juan*] Albums for which such members were co-authors." (*Id.* at 7.)
2 Defendants believe they must be allowed to supplement their initial disclosures with the identities
3 of the *Los Originales De San Juan* band members who assigned rights in the relevant albums to
4 Defendants, and to supplement their document production with copies of the assignment
5 agreements and the recently discovered evidence of infringement of the album artwork. (*Id.*)

6 As in *Hyphy*, Plaintiff has indicted its willingness to accept Defendants' late disclosures as
7 timely, "so long as Plaintiff can take limited discovery concerning the newly disclosed
8 documents, including deposing Defendants' principal (Eduardo Leon) and the counterparties the
9 agreements that were just disclosed (Domingo Torres Flores and Alfonso Vargas)." (Doc. 69 at
10 1-2.)

11 The primary difference in the posture of the cases is the Scheduling Conference Order
12 deadlines, with the dispositive motion deadline in *Moreno Music* on October 24, 2022, and the
13 dispositive motion deadline in *Hyphy Music* on November 15, 2022. The non-expert and expert
14 discovery deadlines have passed, and discovery is closed.

15 **II. Discussion**
16     **A. Legal Standard**

17 Federal Rule of Civil Procedure 26(e) requires a party to supplement its initial disclosures
18 or discovery responses "in a timely manner" when it learns that the disclosure or response is
19 incomplete or incorrect and the information has not otherwise been made known to the opposing
20 party. Fed. R. Civ. P. 26(e)(1)(A). Failure to comply with the duty to supplement under Rule
21 26(e) can result in the exclusion of evidence unless the failure to supplement was substantially
22 justified or harmless. Fed. R. Civ. P. 37(c).

23 "Whether supplementation is timely under Rule 26(e) hinges on facts such as when the
24 original disclosure was made, when a party discovered its response was incomplete, when the
25 supplementation was made in relation to those events." *Persian Gulf Inc. v. BP W. Coast Prod.*
26 *LLC*, No. 15cv1749-JO-AGS, 2022 WL 4830698, at *10 (S.D. Cal. Sept. 30, 2022). The
27 Advisory Committee Notes to the 1993 Amendments suggest that the obligation to supplement
28 under Rule 26(e) does not end with the fact discovery cutoff, and provides that supplementations

1  "should be made at appropriate intervals during the discovery period, and with special
2  promptness as the trial date approaches." Case law confirms that "there is no doubt that the duty
3  to supplement under Rule 26(e) extends beyond the discovery cutoff date." *LD v. United Behav.*
4  *Health*, No. 20-cv-02254-YGR (JCS), 2022 WL 4372075, at *6 (N.D. Cal. Sept. 21, 2022);
5  Woods *v. Google, Inc*., No. C11-01263-EJD (HRL), 2014 WL 1321007, at *4 (N.D. Cal. Mar. 28,
6  2014) ("The Court can definitively state that the Rule 26(e) duty to supplement or correct
7  incomplete or incorrect responses does, in fact, extend beyond the discovery cutoff date.").

8  **B. Analysis**

9  There is no apparent dispute that Defendants' duty to supplement extends beyond the
10 discovery cutoff. The most relevant circumstances to the question of whether the
11 supplementation is timely includes when Defendants discovered their responses were incomplete,
12 when the supplementation was made in relation to those events, and whether supplementation
13 was delayed due to factors beyond Defendants' control. Here, Defendants only discovered the
14 alleged infringement of the album artwork on October 5, 2022, they promptly attempted to
15 supplement their discovery responses, including by filing the instant *ex parte* applications on
16 October 12, 2022, and they have suggested that discovery of the relevant evidence may have been
17 delayed due to factors beyond their control. Considering these circumstances, Defendants should
18 be permitted to supplement their document production with evidence of the alleged infringement
19 of the album artwork, and that supplementation be deemed timely under Rule 26.

20 The Court notes, however, that Defendants have not explained the delay in obtaining the
21 copyright assignment agreements, or why those agreements could not have been discovered prior
22 to the non-expert discovery cutoff. Nevertheless, by way of its initial response, Plaintiff does not
23 appear to object to the late disclosures or production as untimely, so long as Plaintiff is permitted
24 to take limited discovery concerning the newly disclosed documents, including, but not limited to,
25 the depositions of the *Los Originales* band members, Domingo Torres Flores and Alfonso
26 Vargas, the counterparties the assignment agreements.

27 As best as can be determined by the Court, the dispute presented here is not whether
28 Defendants should be permitted to supplement their initial disclosures and their document

production, and whether said supplementation should be deemed timely to avoid the sanctions of Rule 37. Nor is the dispute whether Plaintiff should be permitted to conduct additional, limited discovery concerning the newly disclosed documents. Indeed, Defendants have not objected to additional, limited discovery. Rather, the dispute wholly centers on whether Defendants also should be permitted to engage in certain, limited discovery.

Absent a fundamental disagreement regarding the duty to supplement, the Court will grant the relief requested by the *ex parte* applications and allow Defendants in their respective cases leave to supplement their initial disclosures with the identities of the *Los Originales* band members who assigned rights in certain albums to Defendants and to supplement their document production with copies of the assignment agreements and the evidence of alleged infringement of the album artwork. This supplementation shall be deemed timely under Rule 26(e).

Further, the Court finds good cause to reopen discovery for a period of ninety (90) days for the limited purpose of allowing the parties to conduct discovery on the newly discovered evidence: the assignment agreements and the alleged evidence of album artwork infringement. Discovery is not reopened for all purposes. For *Hyphy Music*, Plaintiff shall be permitted to depose Hyphy's principal, Jose Martinez, and the parties to the assignment agreements, *Los Originales* band members Domingo Torres Flores and Afonso Vargas. Hyphy shall be permitted to depose Counter Defendants Jose David Hernandez and Jesus Chavez, Sr. Additionally, for purposes of *Morena Music*, Plaintiff shall be permitted to depose Defendants' principal, Eduardo Leon, and the parties to the assignment agreements, Domingo Torres Flores and Afonso Vargas. Defendants Moreno and Leon will be permitted depose Jose David Hernandez and Jesus Chavez, Sr. Deposition of each individual may not exceed a total of three (3) hours, regardless of whether that individual is being deposed for purposes of *Hyphy Music* or *Morena Music*, or both. The scope of these depositions may not exceed discovery beyond the newly discovered evidence.

To accommodate the limited reopening of discovery, the Court will vacate all Scheduling Order deadlines, including the relevant dispositive motion deadlines. The Court also will set a status conference at the conclusion of the limited discovery period to reschedule the dispositive motion deadlines, and pretrial conference and trial dates for both actions. The Court notes that

while it is permitting a narrow reopening of discovery in this situation, newly discovered evidence in the future will not warrant the same treatment. The Court forecloses the potential slippery slope of further newly discovered evidence warranting additional discovery. Indeed, the Court anticipates that new evidence will be uncovered in the limited depositions authorized herein. Nonetheless, discovery is not permitted beyond the scope outlined in this Order.

### III.     Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The *ex parte* application filed by Defendants/Counter Claimant Morena Music, Inc. and Eduardo Leon in *Yellowcake, Inc. v. Morena Music, Inc.*, 1:20-cv-00787-AWI-BAM (Doc. 66) and the *ex parte* application filed by Defendant/Counter Claimant Hyphy Music, Inc. in *Yellowcake, Inc. v. Hyphy Music, Inc.*, 1:20-cv-00988-AWI-BAM (Doc. 55) for leave to supplement their Initial Disclosures and Responses to Requests Production of Documents are GRANTED.
2. Discovery in both actions is reopened for ninety (90) days from the date of this Order for the limited purpose of allowing the parties to conduct discovery on the newly discovered evidence: the assignment agreements and the alleged evidence of album artwork infringement. Depositions of any individual may not exceed a total of three (3) hours, regardless of whether that individual is being deposed for purposes of one or both of the actions. No other discovery is permitted.
3. The Scheduling Order (Doc. 59) deadlines in *Yellowcake, Inc. v. Morena Music, Inc.*, 1:20-cv-00787-AWI-BAM, including the dispositive motion filing deadline, pretrial conference and jury trial are VACATED.
4. The Scheduling Order (Doc. 50) deadlines in *Yellowcake, Inc. v. Hyphy Music, Inc.*, 1:20-cv-00988-AWI-BAM, including the dispositive motion filing deadline, pretrial conference and jury trial are VACATED.

///
///
///

5. A STATUS CONFERENCE is set in both matters on **February 1, 2023, at 9:30 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**.

IT IS SO ORDERED.

Dated: __October 20, 2022__                    /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE

9